UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME LENORDA POWELL, II,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, et al,<br><br>Defendant. | CASE NO. 2:22-cv-01157-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Jerome L. Powell, II, Plaintiff, as pretrial detainee at the King County jail, filed a *pro se* 42 U.S.C. 1983 complaint against the City of Seattle, the University of Washington Medical Center and John or Jane Doe medical staff. Dkt. 6. The Court screened the complaint and found it deficient. However, rather than immediately dismissing the complaint, the Court directed Plaintiff to file an amended complaint no later than **October 14, 2022**. The Court further informed Plaintiff the failure to do so could lead to dismissal. Plaintiff has not filed an amended complaint or responded in any fashion. The Court accordingly recommends the case be **DISMISSED** without prejudice.

## DISCUSSION

The complaint alleges in count I that the University of Washington and medical staff violated Plaintiff's Eighth Amendment rights by committing "medical battery." *Id.* Plaintiff

REPORT AND RECOMMENDATION - 1

alleges unnamed Defendants stitched his hand without "numbing agents" despite his cries of pain. *Id.* Plaintiff alleges "my stitch just was not done correctly deviating from acceptable standard of care." *Id.* Count II reraises the Eighth Amendment claim and alleges unnamed Defendants were negligent, Plaintiff told Defendants he was suicidal and needed his medications, but Plaintiff was discharged without seeing a case manager or being provided with psychotropic medications. *Id.*

The Court screens complaints filed by detainees under 28 U.S.C. § 1915A(a). The Court shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d

REPORT AND RECOMMENDATION - 2

1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

Here, Plaintiff sues the City of Seattle but presents no facts showing the City is liable in any way or participated in the alleged acts at the University of Washington, which is a Washington State entity, and not a City of Seattle entity.

Plaintiff also sues the University of Washington. The Eleventh Amendment bars suits against states and their agencies in federal court unless the state consents. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). The University of Washington is an arm of the state for purposes of the Eleventh Amendment. *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984). The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here. *See Rains v. State*, 100 Wash. 2d 660, 666, 674 P.2d 165 (1983). The University of Washington is immune from this lawsuit.

Plaintiff also sues unknown Jane or John Does as Defendants. Plaintiff was informed the Court cannot serve a complaint on unnamed parties. *See* Dkt. 5. To obtain relief against a defendant under 42U.S.C. § 1983, a plaintiff must prove that a particular named defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355; *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must also set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Unnamed persons cannot be served until they are identified by their

real names and there are facts showing each named Defendant took action that violated Plaintiff's federal rights.

In short, the complaint Plaintiff filed in August, 2022 is deficient and subject to dismissal. Plaintiff was given leave to file an amended complaint by October 14, 2022 and was informed the failure to do so may lead to dismissal of the matter. Plaintiff has not filed an amended complaint, or any other pleading and the Court accordingly recommends the matter be DISMISSED without prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 3, 2022.**  The Clerk should note the matter for **November 4, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 20th day of October, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4